**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JENELL A. BROWN, | : | |
| | : | Civ. No. 04-5576 (GEB) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| CITY OF TRENTON, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon defendant City of Trenton's ("Defendant")

motion for summary judgment.  The Court has jurisdiction over this matter pursuant to 28 U.S.C.

§ 1331.  The Court, having considered the parties' submissions and decided the matter without

oral argument pursuant to Federal Rules of Civil Procedure Rule 78, and for the reasons set forth

below, will grant Defendant's motion.

## I.      BACKGROUND

The present action concerns an incident involving Plaintiff Jenell A. Brown ("Plaintiff")

and Officer David Civale ("Civale") that occurred on or about November 5, 2002, near the corner

of Southard and Proctor Avenues in Trenton, New Jersey.  (Compl. ¶ 22.)  On that date, while

Plaintiff was driving in the area, Civale stopped Plaintiff for failing to wear her seatbelt.  (Def.'s

Ex. B ("Investigation Report") at 1.)  During the traffic stop, Plaintiff was unable to produce her

driver's license, registration information, or insurance information.  (Brown Dep. 24-26, March 1, 2006.)  Civale contacted a police dispatcher to determine whether Plaintiff's vehicle was registered.  (Investigation Report at 2.)  After learning that the vehicle's registration had expired, Civale issued traffic tickets to Plaintiff for failing to wear a seatbelt, operating an unregistered vehicle, failing to produce a driver's license, and failing to produce proof of insurance.  (Def.'s Ex. D at 1-2.)  Civale then informed Plaintiff that her car would be towed unless she could retrieve the necessary documents before the arrival of the requested tow truck.  (Brown Dep. 28.) Plaintiff attempted to have a family relative retrieve the documents for her, but was unable to get the documents before the tow truck's arrival.  (*See id.* 41-46.)

As the tow truck approached her car, Plaintiff stood in between the two vehicles and prevented the truck driver from towing the car.  (Investigation Report at 2.)  Civale attempted to escort Plaintiff out of the tow truck's way, placing his hand on Plaintiff's back to guide her away from the vehicles and towards the curb.  (*Id.*)  Civale advised Plaintiff that if she did not move, she would be placed under arrest.  (*Id.*)  Plaintiff subsequently became "loud and abusive," and Civale placed her under arrest.  (*Id.*)  Plaintiff then "moved around her auto" and began arguing with Civale about being arrested.  (*Id.*)  Civale grabbed Plaintiff by the arm, pushed her onto the trunk of her car, and handcuffed her.  (*Id.*)

A criminal complaint was filed that day against Plaintiff for the following crimes: (1) resisting arrest; (2) improper behavior; (3) obstruction of justice; and (4) aggravated assault. (Def.'s Ex. E at 1-2.)  A criminal complaint was also filed against Civale for simple assault. Both parties were tried jointly in Trenton Municipal Court, Mercer County, New Jersey, on June 18, 2004, and July 9, 2004.  (Def.'s Ex. G (Trenton Municipal Court Tr., June 18, 2004) and Ex.

H (Trenton Municipal Court Tr., July 9, 2004).)

With respect to Plaintiff's traffic violations, the state court found that she was guilty of driving without a seatbelt and operating an unregistered vehicle. (Trenton Municipal Court Tr. 81-82, July 9, 2004.) As for the criminal charges against her, the court found that Plaintiff was guilty of obstructing the administration of justice, but not guilty of the remaining criminal charges. (*Id.* 86-89, 93.) With respect to the charge against Civale for simple assault, the court found that he was not guilty because the force that he used in arresting Plaintiff was reasonable. (*Id.* 89.)

On November 5, 2004, Plaintiff filed the present action. Plaintiff asserts the following claims against Defendant: (1) false arrest ("Count One"); (2) assault and battery ("Count Two"); (3) negligent hiring and retention ("Count Three"); (4) malicious prosecution and abuse of process ("Count Four"); and (5) violation of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983 ("Count Five"). Plaintiff asserts Counts One, Two, and Three against Defendant based on its status as Civale's employer. (Compl. ¶¶ 25-26, 29, 32.) Counts Four and Five concern Defendant's alleged involvement in the criminal charges that were brought against Plaintiff following her arrest. (*Id.* ¶¶ 35, 38.)

On March 30, 2006, Civale filed a motion for summary judgment of Plaintiff's claims against him. On June 19, 2006, the Court granted Civale's motion in all respects, thereby terminating Civale from the case. Defendant filed the present motion for summary judgment on August 24, 2006. Plaintiff has not submitted any papers in opposition to Defendant's motion. The deadlines for filing opposition papers have passed, and the Court will now address Defendant's motion.

## II.    DISCUSSION

### A.    Standard of Review

In deciding a motion for summary judgment, a court should grant the motion if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996).  The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  *See Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).  In arguing against a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B.    Plaintiff's Claims Against Defendant

#### 1.    Plaintiff's Claims Based on Defendant's Involvement as Civale's Employer

In Counts One, Two, and Three of the Complaint, Plaintiff asserts claims against Defendant in its capacity as Civale's employer.  (Compl. ¶¶ 25-26, 29, 32.)  Each of those claims are based on Civale's underlying conduct with respect to Plaintiff's arrest, and Defendant's alleged responsibility for Civale's conduct as his employer.  (*Id.* ¶¶ 22-24, 29, 32.)  The Court has, however, entered summary judgment in favor of Civale based on findings that the actions he

took while arresting Plaintiff were objectively reasonable. (Mem. Op. at 12, June 19, 2006.) Civale's actions were reasonable because Plaintiff "exhibit[ed] hostile behavior" and "physically accost[ed]" Civale during her arrest, and Civale's actions were "limited to attempting to physically control Plaintiff in order to place her under arrest." (*Id*. at 12-13.) Those conclusions were supported by – and continue to be supported by – the undisputed facts in the record. It is undisputed that prior to her arrest, Plaintiff prevented the tow truck from towing her car by standing between the two vehicles, and that she was "loud and abusive" towards Civale at the time. (Investigation Report at 2.) There is also no dispute that after she was arrested, Plaintiff "moved around her auto" and began arguing with Civale, and that it was Plaintiff's actions that prompted Civale to push her onto the trunk of her car "in an attempt to control her and place handcuffs on her." (*Id*.)

Plaintiff did not oppose Civale's motion for summary judgment, and does not oppose Defendant's present motion. To date, Plaintiff has offered no evidence that would support finding any of Civale's actions to be unlawful. *See* Fed. R. Civ. P. 56(e) ("an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial"). Given the lawful nature of Civale's conduct, Defendant is entitled to summary judgment in its favor of those claims that are based on Defendant's status as Civale's employer. For these reasons, the Court will grant Defendant's motion for summary judgment with respect to Counts One, Two, and Three of the Complaint.

### 2.      Plaintiff's Claims Based on Defendant's Own Conduct

In contrast, Counts Four and Five are based on allegations that Defendant itself engaged in unlawful conduct against Plaintiff.  In claiming that Defendant is liable for malicious prosecution and abuse of process, Plaintiff alleges that Defendant "instituted quasi-criminal proceedings against Plaintiff . . . and testified falsely as to probable cause for her arrest and detention." (Compl. ¶ 35.)  In its claim that Defendant violated 42 U.S.C. § 1983, Plaintiff alleges that Defendant "agreed and acted to intentionally fabricate and contrive the charges lodged against Plaintiff . . . ." (*Id.* ¶ 38.)  Both claims therefore rest on Plaintiff's allegations that her arrest and the subsequent prosecution against her were unlawful.

Plaintiff's arrest and the criminal action brought against her were not unlawful, however, because she was found to be guilty in several respects.  First, regarding her traffic violations, the state court found that Plaintiff was guilty of driving without a seatbelt and operating an unregistered vehicle.  (Trenton Municipal Court Tr. 81-82, July 9, 2004.)  Second, the court found that Plaintiff was guilty of obstructing the administration of justice based on her actions following the traffic stop.  (*Id.* 86-89, 93.)  Despite Plaintiff's allegations that Defendant "testified falsely as to probable cause for her arrest and detention" and that Defendant "fabricate[d] and contrive[d] the charges lodged against Plaintiff," she was found to be guilty of at least some of the criminal charges brought against her.  (Compl. ¶¶ 35, 38.)  The Court will therefore grant Defendant's motion for summary judgment with respect to Counts Four and Five of the Complaint.

C.       **Plaintiff's Claims Against the Remaining Defendants**

Plaintiff also asserts claims against Defendants James B. Golden, Jr. ("Golden") and the

Trenton City Police Department ("Police Department"), the two remaining defendants in this

case.  Plaintiff asserts his claims against Golden solely in his official capacity as the director of

the Police Department.  (Compl. ¶ 12.)  With respect to Plaintiff's claims against the Police

Department, Plaintiff claims that it engaged in the same allegedly unlawful conduct as the City of

Trenton.  (*See id.* ¶¶ 25-26, 29, 32, 35, 38.)  For the same reasons, then, that Defendant's motion

for summary judgment should be granted, the Court finds that summary judgment should also be

entered against Plaintiff with respect to his claims against Golden and the Police Department.


III.     **CONCLUSION**

For these reasons, Defendant's motion is granted, and this case shall be marked closed.

Plaintiff is granted leave to file, within 20 days, any motions to reopen the case.  An appropriate

form of order is filed herewith.


Dated:  January 11, 2007

                                                          s/ Garrett E. Brown, Jr.
                                                      GARRETT E. BROWN, JR., U.S.D.J.